UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTONIO DOUGHTY, | |
| Petitioner, | |
| v. | CAUSE NO. 1:25-CV-317-CCB-SJF |
| WARDEN, | |
| Respondent. | |

## OPINION AND ORDER

Antonio Doughty, a prisoner without a lawyer, filed a habeas petition challenging his probation revocation in Case No. 02D04-2009-F6-1070. Following a revocation hearing, on February 14, 2025, the Allen Superior Court sentenced him to two years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Doughty argues that he is entitled to habeas relief because the sentence imposed as a result of his revocation was inconsistent with the terms of his plea agreement. Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly

asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

According to the electronic dockets for the State courts,[1] Doughty has never presented his claims to the Indiana Court of Appeals or the Indiana Supreme Court. Further, he did not file a notice of appeal or motion to correct error within thirty days of the probation revocation, so the time to appeal that decision has now expired. *See Cooper v. State*, 917 N.E.2d 667, 672 (Ind. 2009) ("A defendant must either file a notice of appeal or a motion to correct error within thirty days after a final appealable order is issued."); Ind. Code § 35-38-2-3(l) ("A judgment revoking probation is a final appealable order."). Therefore, it appears that Doughty's claims are procedurally defaulted, which would generally bar him from obtaining habeas relief. However, in an abundance of caution, the court will grant Doughty an opportunity to respond before dismissing the petition on the basis of procedural default.

As a final matter, Doughty has not resolved his filing fee status. To proceed with this case, Doughty must either pay the filing fee in full or submit a signed and completed motion to proceed in forma pauperis with his ledgers for the last six months attached.

For these reasons, the court:

(1) **ORDERS** Antonio S. Doughty to file a response to this Order on whether the petition is untimely and procedurally defaulted by July 23, 2025;

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

2

(2) **ORDERS** Antonio S. Doughty to resolve his filing fee status by <u>July 23, 2025</u>; and

(3) **CAUTIONS** Antonio S. Doughty that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on June 23, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3